**Cuevas Gustavo CORTES; Alma Delia Cortes, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–77261.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008 *.

Filed May 1, 2008.

Leon B. Hazany, Esq., Law Offices of Asherson, Klein & Darbinian, Beverly Hills, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacey I. Young, Esq., M. Jocelyn Wright, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Cuevas Gustavo Cortes and his wife Alma Delia Cortes, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand and dismissing their appeal from an immigration judge's ("IJ") decision denying their application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo claims of ineffective assistance of counsel, *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir.2004). We deny the petition for review.

We agree with the BIA that the performance of petitioners' former counsel did not result in prejudice, and thus their claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, petitioner must show prejudice).

The BIA did not abuse its discretion by denying petitioners' motion to remand, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The record does not support petitioners' contention that the BIA made an adverse credibility finding.

The record also does not support petitioners' contention that the IJ exhibited bias.

We deny petitioners' motion to supplement their briefing.

**PETITION FOR REVIEW DENIED.**